IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
AT JACKSON

BARRY GILMER, BY AND THROUGH HIS
NEXT OF KIN AND DULY APPOINTED
ATTORNEY IN FACT, MATTHEW GILMER                     PLAINTIFFS

vs.                                                  Case No. 3:25-cv-59-CWR-ASH

RANDALL TUCKER, et al.                               DEFENDANTS

**MEMORANDUM IN SUPPORT OF DEFENDANT JAMES HENDRIX'S
RULE 12(f) MOTION TO STRIKE
AND FOR SANCTIONS**

COMES NOW James Hendrix, Defendant, by and through counsel, and files this Memorandum in Support of his Rule 12(f) Motion to Strike and for Sanctions [Doc. #3] and, in support thereof, would respectfully show unto the Court the following to-wit:

**INTRODUCTION**

Plaintiff's Complaint [Doc. #1] improperly includes scandalous and wholly unsupported allegations regarding Hendrix that have no bearing on the claims asserted. These allegations violate basic pleading standards and warrant both striking of the same under Rule 12(f) and sanctions under Rule 11.

**ARGUMENT**

As set forth in Hendrix's motion, Plaintiff's Complaint contains allegations that clearly satisfies the "immaterial, impertinent, or scandalous matter" standard of Fed. R. Civ. P. 12(f). Consequently, and for the reasons discussed below, these scandalous allegations should be struck from the record and the publicly available ECF docket in this matter.

## I. The Challenged Allegations Should Be Stricken Under Rule 12(f)

Fed. R. Civ. P. 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

Scandalous is interpreted to describe things that "degrade[s] defendants' moral character, contain[s] repulsive language, or detract[s] from the dignity of the court." *Jenkins*, 333 F.R.D. at 549 (citing *Begay v. Pub. Serv. Co. of N.M.*, 710 F. Supp. 2d 1161, 1185 (D. N.M. 2010)). For example, scandalous matters include irrelevant allegations that are derogatory of an individual, as well as speculation about alleged illegal conduct. Id. It can also include immaterial averments alleging that a party had a "prurient interest in sex," or attempted to psychologically manipulate a person. *Singh v. Cissna*, 2018 WL 6812503, at *11 (E.D. Cal. Dec. 27, 2018). See also *Sanders v. Reg'l Fin. Corp. of S.C.*, 2017 WL 3026069, at *2 (D. S.C. July 14, 2017) (striking exhibit that was "impertinent and scandalous" because it contained or referred to explicit language related to an immaterial exhibit).

Immaterial refers to allegations or materials that "have no possible bearing on the controversy." *Jenkins v. City of Las Vegas*, 333 F.R.D. 544, 548 (D. N.M. 2019) (internal quotation marks and citation omitted). Said another way, immaterial means the matter "has no essential or important relationship to the claim for relief or the defenses being pleaded, or [is] a statement of unnecessary particulars in connection with and descriptive of that which is material." Id. (quoting WRIGHT AND MILLER, Federal Practice and Procedure § 1382). Impertinent means the same thing as immaterial, as these standards "often overlap considerably." Id. (internal quotation marks and citation omitted). Under these standards, "the movant must show that the allegations being challenged are so unrelated as to be unworthy of any

consideration and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party." *Morehouse v. Ameriquest Mortg. Co.*, 2005 WL 8160875, at *1 (E.D. Tex. July 14, 2005). Additionally, the impertinent allegations may also be struck on these grounds when "the allegations being challenged are so unrealted as to be unworthy of any consideration and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party." *Adams v. Walker*, 2021 WL 1894865, at *3 (E.D. La. May 11, 2021).

Respectfully, the allegations as referenced in Paragraph 1 are immaterial, impertinent and scandalous and meet the requisite standard to be stricken from the record.

The decision to grant or deny a motion to strike lies within the sound discretion of the trial court. See *Frank v. Shell Oil Co.*, 828 F. Supp. 2d 835, 852 (E.D. La. 2011). Hendrix respectfully submits that good cause warrants such relief.

**II. Sanctions Are Warranted**

The inclusion of these baseless and inflammatory allegations in the Complaint warrants Rule 11 sanctions. By signing the Complaint, Plaintiff's counsel certified *inter alia* that the allegations had evidentiary support and were not included for any improper purpose such as to harass. Fed. R. Civ. P. 11(b).

Given the complete absence of any factual basis for these inflammatory allegations and their irrelevance to the claims asserted, their inclusion violates Rule 11. See *Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 802-03 (5th Cir. 2003). Hendrix requests the Court find and determine that Plaintiff's attorney acted in bad faith and under its inherent authority sanction such conduct accordingly. See *Elliott v. Tilton*, 64 F.3d 213, 217 (5th Cir. 1995).

Sanctions are particularly appropriate here because:

1. The allegations are a total fabrication and were made without any factual basis or evidentiary support;

2. The allegations are completely irrelevant to any claim;

3. The allegations appear to have been included solely to harass and prejudice; and

4. The allegations were gratuitously repeated in the Complaint.

## CONCLUSION

For the foregoing reasons, Hendrix prays that the Court find his Motion to Strike and for Sanctions well taken and strike the offending allegations and impose appropriate sanctions.

And Hendrix prays for such other relief as the Court deems appropriate in the premises.

This the 3rd day of February 2025.

                Respectfully submitted,

                James Hendrix, Defendant

                By: /s/ Mark C. Baker, Sr.
                      MARK C. BAKER, SR., his Attorney

OF COUNSEL:

MARK C. BAKER, SR., MSB#1717
BAKER LAW FIRM, P.C.
P. O. Box 947
Brandon, MS 39043
Telephone: 601.824.7455
Facsimile: 601.824.7456
Email: Mark@blfmail.com

## **CERTIFICATE OF SERVICE**

    I, Mark C. Baker, Sr., do hereby certify that I have, this day, electronically filed the foregoing with the clerk of Court using the ECF filing system which sent notification to all counsel/parties of record.

    THIS the 3rd day of February 2025.

                                     /s/ Mark C. Baker, Sr.
                                     Mark C. Baker, Sr.