UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

BARRY GILMER                                                                                           PLAINTIFF

V.                                                           CIVIL ACTION NO. 3:25-CV-59-CWR-ASH

RANDALL TUCKER, ET AL.                                                                       DEFENDANTS

ORDER

This case is before the Court *sua sponte* to consider a temporary stay of discovery, the attorney conference and disclosure requirements, and the case management conference pending a ruling on Defendants Randall Tucker, Pamela Hancock, Dawn Biggert, Scott Strait, and Madison County, Mississippi's (the Madison County Defendants) Motion to Stay the Case [40].

The Madison County Defendants have moved to stay all proceedings pending resolution of the state criminal charges brought against Plaintiff Barry Gilmer, arguing that *Heck*[1] bars his claims in this action. In their motion, Defendants request "urgent and necessitous relief" under Local Rule 7(b)(8). Defendant James Hendrix filed a joinder to that motion, with the only caveat being he asks that any stay of the proceedings not delay a ruling on his pending motion to dismiss. Joinder [42].

As briefing has not concluded, the Court finds its premature to rule on the Madison County Defendants' motion seeking a stay of all proceedings. Nonetheless, "[a] district court has inherent power 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *United States v. Colomb*, 419 F.3d 292, 299 (5th Cir. 2005) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "The decision whether to stay discovery . . . falls within the broad discretion and inherent power of the trial court." *United*

---

[1] *Heck v. Humphrey*, 512 U.S. 477 (1994).

1

*States ex rel. Monsour v. Performance Accts. Receivable, LLC*, No. 1:16-CV-38-HSO-JCG, 2021 WL 11707656 (S.D. Miss. Sept. 29, 2021) (citing *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987)). Courts have exercised this discretion to stay discovery in the face of pending motions asserting *Heck*. *E.g.*, *Garth v. City of Aberdeen, Miss.*, No. 1:24-CV-070-DMB-RP, 2024 WL 2027419, at *1 (N.D. Miss. May 7, 2024) (granting a stay *sua sponte* pending a ruling on a defendant's *Heck* motion).

Because the Court will decide the motion to stay on the parties' briefing alone, discovery will not aid the Court in determining whether to stay the proceedings pending conclusion of the underlying state criminal charges. To the extent a stay of the proceedings is warranted, a temporary stay of discovery at this early stage in the litigation will avoid the expenditure of potentially unnecessary resources. Because this stay of discovery will continue only until a ruling on the motion to stay, it is inherently limited and will not unduly delay the proceedings. The Court therefore finds addressing the *Heck* issue prior to discovery would best serve the interests of time and judicial economy. This order does not stay Gilmer's obligation to timely serve process or Defendants' obligations to timely file responsive pleadings.

IT IS, THEREFORE, ORDERED that all discovery is stayed pending the Court's ruling on the Madison County Defendants' Motion to Stay [40]. Unless the Court orders otherwise, discovery shall not commence until the Court has ruled on the Motion [40].

IT IS FURTHER ORDERED that the Rule 16(a) Telephonic Case Management Conference set for June 10, 2025, at 3:00 P.M. is canceled. All deadlines related to the Case Management Conference, including the attorney conference and initial disclosures, are also stayed pending the Court's ruling on the Motion [40].

**SO ORDERED AND ADJUDGED** this the 20th day of May, 2025.

                                                s/ *Andrew S. Harris*
                                                UNITED STATES MAGISTRATE JUDGE