UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

BARRY GILMER                                                                                          PLAINTIFF

V.                                                              CIVIL ACTION NO. 3:25-CV-59-CWR-ASH

RANDALL TUCKER, ET AL.                                                                       DEFENDANTS

ORDER

This matter is before the Court on Defendants Randall Tucker, Pamela Hancock, Dawn Biggert, Scott Strait, and Madison County, Mississippi's (the Madison County Defendants) Motion to Stay Case [40] pending resolution of the state criminal charges brought against Plaintiff Barry Gilmer. Defendant James Hendrix filed a conditional joinder to the motion, with the only caveat being that he requests any stay of proceedings not delay a ruling on his pending motion to dismiss. Joinder [42]. Gilmer filed no response.[1] As explained below, the Court finds that the motion to stay should be granted and the case stayed in its entirety and as to all Defendants pending resolution of Gilmer's criminal proceedings.

I.      Facts and Procedural History

Gilmer filed this action under 42 U.S.C. § 1983, alleging that, "[o]n January 26, 2024, Tucker, Lt. Strait, Madison County and other John Doe Defendants beat [him] nearly to death" when he was incarcerated at the Madison County Detention Center. Compl. [1] at 18; [1] at 28. Madison County Defendants counter that officers "intervened to stop [Gilmer's] beating of

---

[1] As an initial matter, Gilmer's failure to respond to the Madison County Defendants' motion under the Local Rules justifies granting the motion as unopposed. L.U. Civ. R. 7(b)(3). This failure comes after the Court granted Gilmer's untimely request seeking a 21-day extension to respond to the motion. *See* June 6, 2025 Text-Only Order. Despite this, a stay is appropriate in these circumstances for the reasons explained in this order.

1

Defendant Biggart,"[2] a detention officer. Mot. [41] at 2. After the incident, Gilmer alleges Hendrix published defamatory statements about Gilmer on his website, "Jackson Jambalaya." Compl. [1] at 37. Gilmer faces pending charges brought by Madison County for simple assault on a law enforcement officer. *See* Ex. A, Mot. [40-1].

II.   Analysis

The Madison County Defendants seek a stay because *Heck* may bar Gilmer's claims if he is convicted. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994). In *Heck*, the Supreme Court held that a plaintiff convicted of a crime may not initiate a civil suit under 42 U.S.C. § 1983. *Id.* If a judgment in favor of the plaintiff would imply the invalidity of his conviction or sentence, "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995).

Since *Heck*, however, the United States Supreme Court has instructed that if a plaintiff files a § 1983 claim while state criminal charges are pending, "it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case . . . is ended." *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007). The Fifth Circuit has reiterated this preferred approach: "[A] court may—indeed should—stay proceedings in the section 1983 case until the pending criminal case has run its course, as until that time it may be difficult to determine the relation, if any, between the two." *Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995).

In the underlying criminal case, the state has charged Gilmer with assault of a law enforcement officer. Ex. A, Mot. [40-1]. Gilmer alleges that the Madison County Defendants

---

[2] The Madison County Defendants spell Dawn Biggert's name inconsistently throughout their memorandum, but the indictment returned against Gilmer refers to a "Dawn Biggart." Ex. A, Mot. [40-1].

used excessive force and failed to provide him with medical aid following his "savage beating." Compl. [1] at 24. Because Gilmer's suit and the state's charges arise from the same set of facts and events, it is logical that resolution of the pending criminal matter could conflict with resolution of Gilmer's civil matter. As the criminal matter has not concluded, it is premature to determine whether *Heck* bars Gilmer's claims. But, in accordance with *Mackey* and *Wallace*, a stay pending completion of those criminal proceedings is appropriate.

The Court employs its wide discretion to stay this matter in its entirety and as to all Defendants pending resolution of the criminal charges. *See Hood ex rel. Miss. v. Microsoft Corp.*, 428 F. Supp. 2d 537, 541 (S.D. Miss. 2006) ("Granting a stay is within the court's discretion and a stay is appropriate when it serves the interests of judicial economy and efficiency."). As a practical matter, this case cannot proceed as to some Defendants while it remains stayed for others. "'It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position.'" *Carswell v. Camp*, 54 F.4th 307, 313 (5th Cir. 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009)) (explaining why all discovery must be stayed pending a ruling on a motion to dismiss based on qualified immunity).

Proceeding against Hendrix would prejudice the Madison County Defendants by subjecting them to the burden of discovery on factual issues stemming from Gilmer's allegations or risking development of this case in their absence. Gilmer alleges Hendrix published defamatory statements on his website about Gilmer which "includ[ed] accusations of extreme violence." Compl. [1] at 37. But "[t]ruth is an absolute defense to a defamation lawsuit in Mississippi." *Jones v. Browning*, 2:19-CV-118-KS-MTP, 2020 WL 265210, at *6 (S.D. Miss.

Jan. 17, 2020) (quoting *Bond Pharmacy, Inc. v. Anazao Health Corp.*, 815 F. Supp. 2d 966, 973 (S.D. Miss. 2011)). Any discovery with respect to the truth of Hendrix's statements would therefore require an inquiry into the Madison County Defendants' alleged use of excessive force. The Court finds that a stay of this case in its entirety and as to all Defendants is therefore appropriate pending resolution of Gilmer's criminal charges.

III.    Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the foregoing reasons, the Court grants the Madison County Defendants' Motion to Stay [40]. This case is stayed in its entirety and as to all Defendants pending the resolution of the criminal proceedings brought by Madison County against Gilmer.

IT IS, THEREFORE, ORDERED that the Madison County Defendants' Motion to Stay [40] is granted and all proceedings in this case are stayed pending the resolution of the underlying criminal proceedings.

IT IS FURTHER ORDERED that Gilmer is responsible for moving to lift the stay of proceedings within 30 days after the underlying criminal charges against him are resolved. If Gilmer does not timely move to lift the stay of proceedings within 60 days of the resolution of those proceedings, the Court will deem that inaction to be a purposeful delay and contumacious act by Gilmer that may subject this case to dismissal *sua sponte*, without prejudice, and without further notice.

**SO ORDERED AND ADJUDGED** this the 11th day of July, 2025.

s/ *Andrew S. Harris*
UNITED STATES MAGISTRATE JUDGE