**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

BARRY GILMER, BY AND THROUGH
HIS NEXT OF KIN AND DULY
APPOINTED ATTORNEY IN FACT,
MATTHEW GILMER                                    )                              PLAINTIFF
                                                  )
V.                                                )    CIVIL ACTION NO. 3:25-CV-59-CWR-ASH
                                                  )
RANDALL TUCKER, ET AL.                            )                           DEFENDANTS

---

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS RESPONSE IN OPPOSITION
TO DEFENDANTS' MOTION TO DISMISS [48-50]**

---

Plaintiff Barry Gilmer submits this memorandum in support of his Response in Opposition to Defendants' Motion to Dismiss [48-50].

**INTRODUCTION**

Defendants ask this Court to dismiss Barry Gilmer's claims with prejudice based on a disputed and undeveloped assertion that he is a fugitive from justice. That request should be denied. This case remains stayed because Defendants asked for a stay. The facts relevant to Barry Gilmer's medical condition, location, capacity, alleged fugitive status, and the State's prosecution efforts have not been developed because Defendants obtained and have benefitted from that stay. Defendants now attempt to convert the stay into a dismissal with prejudice. That request is premature because the present record does not establish voluntary flight, prosecutorial inaction, or the absence of lesser alternatives.

The Motion rests on an incomplete factual record. Defendants do not establish what efforts were made to locate Barry Gilmer, serve Barry Gilmer, communicate with Barry Gilmer's criminal defense counsel, obtain action from the District Attorney, secure process, account for Barry

Gilmer's alleged medical incapacity, or otherwise prosecute the pending criminal matter. The prosecuting authority responsible for the criminal case supplies no declaration. Defendants do not establish that Barry Gilmer's nonappearance is voluntary, contumacious, or attributable to any conduct other than the catastrophic medical and mental condition alleged in the Complaint.

The Complaint placed Defendants and the Court on notice that Barry Gilmer is elderly, infirm, non-compos mentis, bedridden, and in a long-term care setting because of the injuries alleged in this case. Those allegations appear on the face of the pleading and were part of the record when Defendants sought and obtained the stay. Defendants cannot ask the Court to disregard those allegations and dismiss the case with prejudice on the theory that Barry Gilmer is voluntarily evading the Court.

## PROCEDURAL BACKGROUND

Plaintiff filed this case on January 26, 2025. The Complaint alleges that Barry Gilmer was beaten, denied medical care, and left catastrophically injured while in the custody or control of Madison County-related Defendants. The Complaint alleges that Barry Gilmer is "seventy-eight years of age, infirm, non-compos mentis, and deemed a vulnerable person." Doc. 1, Page 14 of 40. It alleges that Barry Gilmer "nearly died and remains bedridden in a long-term care facility" with "zero understanding of reality." Doc. 1, Pages 24-25 of 40. It further alleges that Tucker was served with Barry Gilmer's "advanced health care directive and durable power of attorney" appointing Matthew Gilmer as agent over Barry Gilmer's "body and affairs." Doc. 1, Page 30 of 40.

The County Defendants answered the Complaint and later filed a Motion to Stay [40]. The Court granted that Motion and stayed the case in its entirety by Order [46]. The Court granted the stay at Defendants' request, and the case remains stayed. Defendants' present Motion to Dismiss

2

[48] and Memorandum [49] were filed on May 4, 2026, while the case remained stayed. Defendant Hendrix joined the Motion on May 11, 2026 [50].

Defendants identify no material change in circumstances between the entry of the stay and the filing of the Motion to Dismiss. The same criminal case that existed when Defendants sought a stay is the criminal case Defendants now invoke as a basis for dismissal with prejudice.

## ARGUMENT

## I.      THE MOTION SHOULD BE DENIED BECAUSE DEFENDANTS SEEK DISMISSAL WHILE BENEFITTING FROM THE STAY THEY REQUESTED.

Defendants moved to stay this case because they asserted that the related criminal proceedings should be resolved first. The Court granted that request and stayed the case in its entirety. Having obtained that stay, Defendants now ask the Court to dismiss the case with prejudice because the criminal case remains unresolved.

That position is inequitable. Defendants should not be permitted to obtain a stay and then use the resulting pause as a basis for dismissal with prejudice. Dismissal with prejudice is particularly inappropriate where the record reflects that the case was paused by court order at Defendants' request.

At minimum, that sequence creates an inconsistent-position and fairness problem. Defendants took the position that a stay was necessary and appropriate because of the unresolved criminal matter. The Court accepted that position. Defendants now take the functionally inconsistent position that the continued existence of the same unresolved criminal matter justifies dismissal with prejudice. Supreme Court and Fifth Circuit authority recognize that judicial estoppel protects the integrity of the judicial process where a party takes inconsistent positions and the court accepts the earlier position. *New Hampshire v. Maine*, 532 U.S. 742, 749-51 (2001); *In*

3

*re Coastal Plains, Inc.*, 179 F.3d 197, 205-06 (5th Cir. 1999). Plaintiff does not need the Court to enter a standalone judicial-estoppel ruling to deny this Motion. The point is more basic: the same posture Defendants invoked to stop discovery should not become the basis for dismissal with prejudice on a record Defendants helped keep undeveloped.

## II.    DEFENDANTS HAVE NOT ESTABLISHED THAT BARRY GILMER IS A FUGITIVE WITHIN THE MEANING NECESSARY TO SUPPORT DISMISSAL.

Defendants' theory depends on the assertion that Barry Gilmer is a fugitive. That assertion is disputed, and the present record does not establish the factual predicate required for dismissal with prejudice. But the factual record is thin, disputed, and incomplete. Defendants have not established the necessary predicate for dismissal with prejudice.

At a minimum, Defendants do not show:

1.    what efforts the Sheriff made to locate Barry Gilmer;

2.    what efforts the District Attorney made to prosecute Barry Gilmer;

3.    whether any process was issued, attempted, returned, or reissued;

4.    whether any proper authority contacted Barry Gilmer's criminal defense counsel;

5.    whether any proper authority attempted to account for Barry Gilmer's alleged medical incapacity;

6.    whether the State has pursued available procedures to secure Barry Gilmer's appearance; or

7.    whether Barry Gilmer's medical placement, incapacity, or protected health information bears on the voluntariness and legal significance of his nonappearance.

The Sheriff is not the District Attorney. The Motion does not include evidence from the prosecuting authority responsible for the criminal case explaining what has been attempted, what has succeeded, or why the criminal matter has not moved forward. The Court should not dismiss a civil rights action with prejudice based on an undeveloped factual presentation from Defendants accused of wrongdoing in this case.

### III.    THE COMPLAINT ITSELF PLEADS FACTS THAT DEFEAT DEFENDANTS' FUGITIVE NARRATIVE AT THIS STAGE.

The Complaint's allegations are not post hoc assertions raised only after Defendants moved to dismiss. They appear on the face of the pleading. The Complaint alleges that Barry Gilmer is "seventy-eight years of age, infirm, non-compos mentis, and deemed a vulnerable person." Doc. 1, Page 14 of 40. It alleges that Barry Gilmer "nearly died and remains bedridden in a long-term care facility" with "zero understanding of reality." Doc. 1, Pages 24-25 of 40. It alleges that Tucker was served with Barry Gilmer's "advanced health care directive and durable power of attorney" appointing Matthew Gilmer as agent over Barry Gilmer's "body and affairs." Doc. 1, Page 30 of 40. And it alleges that the false warrant and the resulting events left Barry Gilmer "bedridden and non-compos mentis for life." Doc. 1, Page 38 of 40.

Those allegations matter because they directly bear on whether Barry Gilmer's nonappearance is voluntary and whether dismissal with prejudice is warranted on the present record. Defendants' Motion assumes facts not established by the present record, including that Barry Gilmer is voluntarily evading judicial process. The Complaint alleges the opposite: that Defendants' own conduct caused catastrophic physical and mental impairment. Defendants' present position is therefore difficult to reconcile with the face of the Complaint and with the procedural posture Defendants requested.

The Court need not resolve those allegations now. It need only recognize that they make Defendants' dismissal theory disputed, fact-bound, and inappropriate for dismissal with prejudice on the present record.

## IV.  DEFENDANTS SHOULD NOT BE PERMITTED TO USE THE STAY TO SUPPORT DISMISSAL WITHOUT FURTHER DEVELOPMENT.

Plaintiff previously sought limited discovery. Defendants resisted discovery. Defendants also sought a stay, and the Court stayed the case. Defendants now argue facts that could only be fairly tested through discovery, including Barry Gilmer's location, medical incapacity, prosecution status, and alleged refusal to appear.

This creates a basic fairness problem and underscores why further factual development is necessary before dismissal with prejudice. A party should not be deprived of claims with prejudice based on disputed factual assertions that the opposing party helped prevent from being tested. If the Court believes the fugitive-disentitlement issue requires factual development, the proper course is not dismissal with prejudice. The proper course is denial without prejudice, deferral, limited discovery, or an evidentiary hearing.

Fugitive disentitlement is an equitable, discretionary doctrine. The Supreme Court's decisions in *Degen v. United States*, 517 U.S. 820 (1996) and *Ortega-Rodriguez v. United States*, 507 U.S. 234 (1993) strongly support denial of dismissal on this record. *Degen* teaches that courts must exercise restraint in resorting to inherent powers and that disentitlement can be an excessive response where lesser tools can protect the judicial process. *Degen v. United States*, 517 U.S. 820, 823-29 (1996). *Ortega-Rodriguez* teaches that fugitive-disentitlement rationales require a meaningful connection between the alleged fugitive conduct and the proceeding in which dismissal is sought. *Ortega-Rodriguez v. United States*, 507 U.S. 234, 244-49 (1993).

6

Defendants have not established that Barry Gilmer intentionally fled, that he is voluntarily evading this Court's authority, that lesser measures would be inadequate, or that dismissal with prejudice is necessary to protect the integrity of the judicial process. Nor have Defendants shown why the existing stay is inadequate. The stay already protects the criminal-process concerns Defendants previously raised. If the criminal case is truly the obstacle, the stay is the remedy Defendants requested and received.

Defendants' cited fugitive authorities do not compel dismissal on this record. *Molinaro v. New Jersey*, 396 U.S. 365 (1970), involved a criminal appeal by a convicted defendant who failed to surrender while seeking appellate review. *Broadway v. City of Montgomery*, 530 F.2d 657 (5th Cir. 1976) is the County's strongest Fifth Circuit authority, but it involved appellate disentitlement in a materially different posture and does not resolve whether dismissal with prejudice is proper here on a stayed, disputed, and undeveloped record. *Bagwell v. Dretke*, 376 F.3d 408 (5th Cir. 2004) reflects that fugitive-disentitlement analysis turns on the doctrine's justifications and the circumstances of the case, but it does not authorize dismissal with prejudice on this record. *Bright v. Holder*, 649 F.3d 397 (5th Cir. 2011), and *Giri v. Keisler*, 507 F.3d 833 (5th Cir. 2007), are controlling Fifth Circuit immigration decisions, but they arose in removal-order/petition-for-review contexts and do not eliminate the need for a proper predicate, nexus, and necessity before dismissing this stayed civil-rights action with prejudice.

The persuasive authorities cited by Defendants likewise do not support dismissal with prejudice here. *In re Prevot*, 59 F.3d 556 (6th Cir. 1995), is persuasive only and involved a Hague Convention petitioner whose flight was tied to the relief he sought. *Sarlund v. Anderson*, 205 F.3d 973 (7th Cir. 2000) is persuasive only and involved materially different facts, including a plaintiff whose whereabouts were unknown and against whom the court found dismissal necessary on that

7

record. *Seibert v. Johnston*, 381 F. Supp. 277 (E.D. Okla. 1974), and *Beckett v. Cuyler*, 523 F. Supp. 104 (E.D. Pa. 1981), are older district-court decisions and persuasive only; each involved prisoner-escape facts materially different from this record. By contrast, *Magluta v. Samples*, 162 F.3d 662, 664-65 (11th Cir. 1998), is also persuasive only, but its reasoning is useful because it declined to apply fugitive disentitlement to a civil-rights action absent the required connection and necessity.

**VI. RULE 41(b) DISMISSAL IS IMPROPER BECAUSE THERE IS NO CLEAR RECORD OF DELAY OR CONTUMACIOUS CONDUCT.**

Rule 41(b) dismissal with prejudice is a severe sanction. Controlling Fifth Circuit authority requires a clear record of delay or contumacious conduct and consideration of lesser sanctions before dismissal with prejudice is appropriate. *Rogers* v. Kroger Co., 669 F.2d 317, 320-22 (5th Cir. 1982); *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191-92 (5th Cir. 1992). *Brown v. Oil States Skagit Smatco*, 664 F.3d 71, 76-80 (5th Cir. 2011) is controlling Fifth Circuit authority on dismissal with prejudice, but it arose from sanctions-based misconduct materially different from the present stay posture. *Sturgeon v. Airborne Freight Corp.*, 778 F.2d 1154 (5th Cir. 1985), is also Fifth Circuit authority, but it involved a plaintiff who was unprepared for trial after discovery and after jury selection. Those are not the facts here.

Defendants cannot satisfy that standard where the case is stayed by Court order and where the alleged delay is bound up with a criminal case Defendants asked the Court to wait on. Plaintiff has not disobeyed a court order requiring prosecution of this civil case. Plaintiff has not refused discovery obligations in this civil case. Plaintiff has not abandoned the action. Instead, Defendants themselves requested that the civil case be paused.

8

Defendants also have not shown that lesser sanctions would be inadequate. If the Court has concerns about the factual record, it may order status reporting, require targeted disclosure, allow limited discovery, hold an evidentiary hearing, or continue the stay. Any of those options would be a lesser alternative to dismissal with prejudice. *Ray v. Johnson & Johnson*, No. 1:20-CV-129-DMB-RP, 2021 WL 1030987 (N.D. Miss. Mar. 17, 2021) is persuasive only and involved repeated failures to comply with litigation obligations after warning, unlike the present stayed posture. This case instead remains stayed by order of the Court after Defendants requested that stay. Dismissal with prejudice is not warranted.

## VII.    DEFENDANT HENDRIX'S JOINDER ADDS NO INDEPENDENT BASIS FOR DISMISSAL.

Defendant Hendrix's Joinder [50] merely adopts the County Defendants' Motion and Memorandum. It does not add independent evidence, does not cure the factual defects in the County Defendants' Motion, and does not explain why claims against all Defendants should be dismissed with prejudice while the case remains stayed.

## CONCLUSION

Defendants' Motion should be denied on the present record. Alternatively, if the Court concludes that the factual issues raised by Defendants require development, Plaintiff respectfully requests that the Court defer ruling and permit narrowly tailored discovery and/or an evidentiary hearing concerning the alleged fugitive status, efforts to locate or prosecute Barry Gilmer, communications with criminal counsel, Barry Gilmer's alleged medical incapacity, and the basis for Defendants' evidentiary submissions.

Respectfully submitted,

BARRY GILMER

By:    /s/ Matthew Wade Gilmer
      MATTHEW WADE GILMER, MSB 104685
      Attorney for Plaintiff Barry Gilmer
      1922 23rd Avenue
      Gulfport, MS 39501
      228-215-0000
      matt@mwglawyer.com

## **CERTIFICATE OF SERVICE**

I certify that on this date I filed the foregoing document with the Clerk of Court using the

Court's CM/ECF system, which sent notice of filing to all counsel of record, each party/attorney

being an ECF participant.

This the 17th day of June, 2026.

/s/ Matthew Wade Gilmer
MATTHEW WADE GILMER

11